THE STATE EX REL. WOLF *v.* BLACKWELL, SECY. OF STATE, ET AL.

[Cite as *State ex rel. Wolf v. Blackwell,*
105 Ohio St.3d 1204, 2004-Ohio-5772.]

(No. 2004–1834—Submitted November 1, 2004—Decided November 1, 2004.)

{¶ 1} This cause originated upon the filing of a complaint for a writ of mandamus. Upon consideration of relators' motion for an emergency peremptory writ of mandamus,

{¶ 2} IT IS HEREBY ORDERED that relators' motion be, and it hereby is, granted, and that a writ of mandamus be issued to compel respondent Secretary of State J. Kenneth Blackwell to reissue and enforce his October 26, 2004 Directive 2004–45 to all 88 counties insofar as it permits, in accordance with R.C. 3505.21 and 3506.13, one duly designated challenger per party per precinct and, after the polls close, one duly designated witness per party per precinct, no matter how many precincts vote at a single location.

{¶ 3} IT IS FURTHER ORDERED that a writ of mandamus be, and it hereby is, granted to compel respondent Franklin County Board of Elections and the remaining 87 county boards of elections to comply with this directive. This order is based solely on this court's interpretation of state statutes.

PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK, Acting C.J., F.E. SWEENEY, and GORMAN, JJ., dissent.

ROBERT H. GORMAN, J., of the First Appellate District, sitting for MOYER, C.J.

ALICE ROBIE RESNICK, J., dissenting.

{¶ 4} Relators' mandamus claim does not meet the high standard of proof necessary to warrant a peremptory writ of mandamus. That is, given the ambiguities in the pertinent statutes, it is not "beyond doubt" that they are entitled to the requested relief. Generally, when this court grants a peremptory writ of mandamus, the right to relief is clear and that relief is granted fully. The

majority does not do that in this case. Moreover, at this late date, the court should not so readily grant extraordinary relief when the plaintiffs in the pending Cuyahoga County litigation are not named parties and are effectively barred from opposing the emergency relief. In fact, by granting the requested relief, the majority precludes respondents and other interested parties from attacking the constitutionality of the relevant statutes.

{¶ 5} First, the pertinent statutes do not patently and unambiguously support relators' interpretation that would permit multiple challengers at one polling place where there are multiple precincts at the polling place. In fact, R.C. 3505.21 provides that "[a]ny political party supporting candidates to be voted upon at such election * * * may appoint to any of the *polling places* in the county or city one person * * * who shall serve as a challenger for such party." (Emphasis added.) R.C. 3505.01(R) defines "polling place" as "the place provided for each precinct at which the electors having a voting residence in such precinct may vote." Construing these statutes in pari materia, they could be reasonably construed as the Cuyahoga County Common Pleas Court interpreted them, i.e., that these statutes permit only one challenger or witness per *polling place,* regardless of how many precincts are within the same polling place.

{¶ 6} Second, granting relators the requested extraordinary relief on the eve of the election deprives the plaintiffs who were successful in the common pleas court action of an opportunity to be heard in this case and endangers Ohio's election preparations. Cf. *Blankenship v. Blackwell,* 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 27–28, relying on comparable grounds to deny a writ of mandamus in an expedited election case involving the November 2, 2004 election.

{¶ 7} Third, it could be determined that the true objective of relators' action is to *prevent* Blackwell and the boards of elections from complying with the common pleas court's October 30 court order. Where the true objective of a mandamus action is to prevent respondents from doing something, the action sounds in prohibitory injunction and the court lacks jurisdiction over the mandamus claim. *State ex rel. Essig v. Blackwell,* 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 21–22 (dismissing mandamus claim against Secretary of State in November 2, 2004 expedited election case).

{¶ 8} Finally, federal district judges Susan J. Dlott of the Southern District of Ohio, Western Division, in Cincinnati and John R. Adams of the Northern District of Ohio, Eastern Division, in Akron have today determined that the statutes permitting *any challengers* in Ohio polling places are unconstitutional and that only poll workers will be permitted to challenge voters. See *Spencer v. Blackwell* (S.D.Ohio 2004), 347 F.Supp.2d 528; *Summit Cty. Democratic Cent. & Executive Commt. v. Blackwell* (Nov. 1, 2004) N.D. Ohio (E.D.) No. 5:04CV2165.

{¶ 9} Judge Adams aptly stated: "Random challenges or challenges without cause advanced by members of any political party could result in retaliatory 'tit-for-tat' challenges at the polling places. Election officials would then be faced with the time-consuming task of ruling upon numerous challenges, diverting them from assisting voters. If challenges are made with any frequency, the resultant distraction and delay could give rise to chaos and a level of voter frustration that would turn qualified electors away from the polls. While this harm arguably is speculative, should it occur to any significant extent, the integrity of the election may be irreparably harmed.

{¶ 10} "The public interest is best served if the Court prohibits Defendants from implementing the portions of § 3505.20 that permit challenges by appointed challengers. The compelling purposes behind § 3505.20—to prevent voter fraud and ensure that only qualified electors vote—are not thwarted by such a prohibition. Under the Court's ruling, the election officials to whom § 3505.20 refers are permitted to challenge voter eligibility on the basis of citizenship, age, and residency, and thus provide adequate assurance that only individuals meeting the voter eligibility requirements of § 3503.01 cast ballots on November 2. Accordingly, the public interest in unimpeded access to the ballots is achieved without sacrificing the State's interest in preventing voter fraud." *Summit Cty. Democratic Cent. & Executive Commt.*, No. 5:04CV2165.

{¶ 11} Likewise, Judge Dlott noted that "Ohio law does not instruct a challenger how to challenge a voter's eligibility or how to discern a voter's possible ineligibility. A person attempting to vote at a polling place may be challenged not only by a challenger, but also by any voter then lawfully in the polling place, or by any of the judges or clerk of elections. Ohio Rev.Code § 3505.20. If any voter is so challenged, the presiding judge administers an oath to the voter, and the election judges then ask him or her a series of questions depending on what basis he or she has been challenged. Id. Ohio Revised Code section 3505.20 instructs that a person may be challenged on the grounds that (1) he or she is not a citizen, (2) he or she has not resided in Ohio for thirty days immediately preceding the election, (3) he or she is not a resident of the county or precinct where he or she has arrived to vote, or (4) he or she is not of legal voting age. The statute further provides that the presiding judge shall put such other questions to the person challenged under section 3505.20 as are necessary to test that potential voter's qualifications. Id. at (D). If the person challenged cannot or will not answer the questions asked by the judges, is unable to answer the questions as they were answered on the registration form corresponding to the voter's name, refuses to sign the voter's name, or for any other reason a majority of the judges believes that the person is not entitled to vote, 'the judges shall refuse the person a ballot.' Id. The decision of the judges shall be final as to the right of the person challenged to vote in the election. This part of section 3505.20

conflicts with, and is thus superceded [sic] by, federal law because the Help America Vote Act ('HAVA'), 42 U.S.C. § 15301 et seq. requires election officials to give a provisional ballot to any voter whose name does not appear on the rolls or whom an election official believes would be ineligible to vote. 42 U.S.C. § 15482." *Spencer*, 347 F.Supp.2d at 530.

{¶ 12} For all of the foregoing reasons, I would deny an emergency peremptory writ of mandamus. I dissent.

F.E. SWEENEY and GORMAN, JJ., concur in the foregoing dissenting opinion.

---

Zeiger, Tigges, Little & Lindsmith, L.L.P., and John W. Zeiger; Brickler & Eckler, L.L.P., Kurtis A. Tunnell and Vladimir P. Belo, for relators.

Jim Petro, Attorney General, and Kent M. Shimeall, Assistant Attorney General, for respondent Secretary of State.

Kathleen Trafford and Michael O'Grady, for intervening respondent, Ohio Democratic Party.